IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | 8:02CR429 |
| Plaintiff/Respondent,      ) | |
| ) | |
| v.                                                  ) | AMENDED ORDER |
| ) | |
| WILLIAM T. MONNIER,                     ) | |
| ) | |
| Defendant/Petitioner.    ) | |
| ) | |

This matter is before the court on correspondence from the defendant, construed as a notice of appeal, motion for a certificate of appealability, motion for leave to proceed in forma pauperis on appeal and request for appointment of counsel, Filing No. 250.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900-01 (8th Cir. 2001). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)"). Under the Federal Rules of Appellate Procedure, in a 28 U.S.C. § 2255 proceeding, "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve

the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009); *Cox v. Norris*, 133 F.3d 565, 569 and n.2 (8th Cir. 1997) (applying AEDPA's standards and stating, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings.").

Upon review of the record, the court concludes that the petitioner has made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The court granted the defendant/petitioner's § 2255 motion, finding that Monnier's claim of ineffective assistance of counsel on appeal had merit.  Based on the record, reasonable jurists could differ on Monnier's showing of ineffective assistance of counsel at trial and on appeal. Accordingly, the court finds Monnier's motion for a certificate of appealability should be granted.

Under the Federal Rules of Appellate Procedure, a party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) (stating "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").  "Good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).  A lack of good faith is not shown by the mere fact that the appeal lacks merit but that the issues raised are so frivolous that the appeal would be dismissed if the case

was that of a nonindigent litigant. *Coppedge v. United States*, 369 U.S. 438, 447 (1962); *see also Lee,* 209 F.3d at 1026 (adopting *Coppedge* standard, post-Prison Litigation Reform Act (PLRA)).[1]

The court finds that there has been no showing that the defendant/petitioner's appeal is not taken in good faith within the meaning of 28 U.S.C. § 1915, and the court will not so certify.

In the interest of justice, counsel was appointed to represent the defendant/petitioner in this action.   Monnier expresses dissatisfaction with his attorney and asks that substitute counsel be appointed.  A petitioner has no constitutional right to counsel in habeas proceedings. *Lopez-Lopez v. Sanders,* 590 F.3d 905, 907 (8th Cir. 2010).  If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner, but if no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir. 1994).  Even a criminal defendant does not have the absolute right to counsel of his own choosing. *United States v. Espino,* 317 F.3d 788, 798 (8th Cir. 2003).  Furthermore, an indigent defendant has no right to demand of a court that a particular attorney, or particular attorneys, be appointed to represent him.  *Id.* "Instead, '[s]ubstitution of counsel is a matter committed to the sound discretion of the trial court.'" *Id.* at 799 (quoting *Meyer v. Sargent,* 854 F.2d 1110, 1114-1114 (8th Cir.1988).  In a criminal case, the defendant bears the burden of showing justifiable dissatisfaction with appointed counsel to be granted a substitute. *United States v.*

---

[1]Although the Prison Litigation Reform Act ("PLRA") imposed additional restrictions on petitioners seeking to obtain in forma pauperis status in 28 U.S.C.A. § 1915(a)(2) and (b), those provisions do not apply to habeas actions filed under §§ 2241, 2254, or 2255.  *See, e.g., Walker v. O'Brien,* 216 F.3d 626, 633-37 (7th Cir. 2000); *Sonnier v. Johnson,* 161 F.3d 941, 943 (5th Cir. 1998); *Smith v. Angelone,* 111 F.3d 1126, 1130-31 (4th Cir. 1997); *United States v. Levi,* 111 F.3d 955, 956 (D.C. Cir. 1997); *Naddi v. Hill,* 106 F.3d 275, 277 (9th Cir. 1997);  *Reyes v. Keane,* 90 F.3d 676, 678 (2d Cir. 1996).

*Washington,* 596 F.3d 926, 939 (8th Cir. 2010). The court finds that appointed counsel has considerable familiarity with the case and should be appointed to represent the defendant/petitioner on appeal. Accordingly,

IT IS ORDERED:

1. Defendant/Petitioner's motion for certificate of appealability (Filing No. 250) is granted.

2. Defendant/Petitioner's motion for leave to proceed in forma pauperis on appeal is granted.

3. Defendant/Petitioner's request for appointment of counsel is granted.

4. Defendant/Petitioner's request for appointment of different counsel is denied.

5. Chad Primmer is appointed as attorney of record for the above-named defendant on appeal.

6. Counsel's appointment herein is made pursuant to 18 U.S.C. § 3006A(f).

7. The Clerk of Court shall provide a copy of this order to the Federal Public Defender for the District of Nebraska and to Chad Primmer.

DATED this 13th day of July, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.