IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:02CR429 |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM T. MONNIER, | |
| Defendant. | |

This matter is before the court on the defendant's notice of appeal, and motion for leave to proceed in forma pauperis on appeal, Filing No. 295.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo*, 258 F.3d 893, 900-01 (8th Cir. 2001). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)").

Under Rule 11 of the Rules Governing § 2255 Proceedings, 28 U.S.C. § 2255, ("Section 2255 Rules"), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2255 Rule 11(a). "If the court issues a certificate, the court must state the specific issue or issues

that satisfy the showing required by 28 U.S.C. § 2253(c)(2)" and if the court denies a certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* Under the Federal Rules of Appellate Procedure, in a [28 U.S.C. § 2255](#) proceeding, "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. [*Bell v. Norris,*](#) 586 F.3d 624, 632 n.3 (8th Cir. 2009); [*Cox v. Norris*](#), 133 F.3d 565, 569 and n.2 (8th Cir. 1997) (applying AEDPA's standards and stating, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings.").

The court has conducted a thorough and exhaustive review of the record in this case and finds, viewing the evidence in the light most favorable to the verdict, that a reasonable jury could find, beyond a reasonable doubt, that methamphetamine distributed by Monnier was the "but-for" cause of Mendoza's death. In short, because the jury was correctly instructed on the essential element of that causation, and because sufficient evidence supports its finding as to that essential element, Monnier has not shown he is actually innocent of the enhanced-penalty crime. Upon review of the record, the court concludes that the petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). The court

denies the petitioner's § 2255 motion. Accordingly, the court finds Monnier's motion for a certificate of appealability should be denied.

IT IS ORDERED:

1. The defendant's motion for a certificate of appealability is denied.

2. The defendant's motion for leave to proceed in forma pauperis on appeal is granted.

Dated this 9th day of March, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge